# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

IN RE:      DAVID W. CROSS                  CASE NO.: 3:02-bk-02244-GLP
                  Debtor.

---

DAVID W. CROSS,
        Plaintiff,                  Adversary No. _____

vs.

WELLS FARGO BANK, N.A.; WELLS FARGO
HOME MORTGAGE, INC.,
        Defendants.
_____/

## ADVERSARY COMPLAINT

DAVID W. CROSS (Cross) brings this Adversary Complaint against WELLS FARGO

BANK, N.A., and WELLS FARGO HOME MORTGAGE, INC. (collectively Wells Fargo) and

states:

1.    This is an action by Cross seeking damages against Wells Fargo for violations of the

provisions of the automatic stay *11 U.S.C.§362(a)* and the discharge provisions contained

in *11 U.S.C.§727* as may be enforced through the relevant powers of this Court pursuant to

11 U.S.C.§105(a).

2.    This Court has jurisdiction pursuant to 28 U.S.C.§1334. This is a "related to" and/or "core"

procedure under 28 U.S.C.§157(a),(b).

3.    Cross filed his Chapter Thirteen case on March 12, 2002 in order to cure his residential

mortgage arrearage.

4.    At the time of filing (or shortly thereafter), Wells Fargo was the mortgage holder of the Cross

1

residential mortgage. Wells Fargo Bank, N.A. claims to be the successor in interest to Wells Fargo Home Mortgage, Inc.

5.  Cross proposed to pay the mortgage arrearage and the mortgage monthly payment over a period of sixty (60) months in the Cross proposed Chapter Thirteen Plan.

6.  Subsequently, the Cross Chapter Thirteen sixty (60) month repayment plan was confirmed on October 29, 2002.

7.  During the course of the Cross Chapter Thirteen Plan, Wells Fargo appeared in the Cross Chapter Thirteen proceedings. Wells Fargo filed a request for notice on January 12, 2004 (Docket No. 34) and a Motion to Dismiss, which was subsequently denied (Docket No. 38, 39, 40).

8.  In the Cross Chapter Thirteen, GE Capital Mortgage Servicing, Inc. representing Wells Fargo, filed Claim No. 2 showing a secured claim of $68,695.18.

9.  The claims listing of the Chapter Thirteen Trustee reveals that Claim No. 2 filed on behalf of Wells Fargo demonstrated a "claimed amount" of $31,980.00. During the course of the Chapter Thirteen Plan, payments "principal paid" was listed as $31,980.00. The Wells Fargo mortgage arrearage was listed as $18,938.18. The "claimed amount" of $18,938.18 was 100% paid during the Cross Chapter Thirteen Plan.

10. The Trustee's case profile the last receipt date as March 28, 2007. On June 4, 2007, Cross was discharged from his Chapter Thirteen case.

11. Since the confirmation of the Cross Plan, Wells Fargo has demonstrated that it is not applying payments according to the Plan. Specifically, the following monthly statements announced:

2

| Statement Date | Overdue Comments |
|---|---|
| 05/11/06 mortgage statement | Overdue payments listed as $13,897.66 plus late and other charges. |
| 04/13/07 mortgage statement | Overdue payments listed $11,178.82 plus late and other charges |
| 09/13/07 mortgage statement | Overdue payments listed $13,824.83 plus late and other charges |
| 11/21/07 mortgage statement | Overdue payments listed $14,314.38 plus late and other charges |
| 01/11/08 mortgage statement | Overdue payments listed $4,140.84 plus late and other charges |
| 01/10/08 mortgage statement | Overdue payments listed $14,671.85 plus late and other charges |
| 02/26/08 mortgage statement | Overdue payments listed $3,395.98 plus late and other charges |

The disparity in mortgage arrearages reflects Wells Fargo's failure to apply mortgage plan payments in accordance with the terms of the Cross Chapter Thirteen Plan. As an example, the 11/21/2007 monthly mortgage payment shows overdue payments dating from 06/01/2006 which pre-dated the time of Plan completion and the subsequent discharge. Had Wells Fargo been applying the mortgage payment and arrearage payment according to the terms of the Cross Plan, there would have been no delinquency pre-dating the time of the Cross Discharge.

12. On January 20, 2008, Mr. Cross wrote to Wells Fargo requesting an account statement. In response, Wells Fargo sent an account statement dated January 18, 2008. The account statement reflected a payment of $10,428.00 received January 11, 2008 which was credited to due dates. The last due date for the credit was 07/01/07. This means that notwithstanding the last payment from the Trustee, Mr. Cross was still delinquent as of January 18, 2008

through due date July 01, 2007.

13. At all times relevant, Mr. Cross made the post-discharge mortgage payments in a timely manner to Wells Fargo.

14. 11 U.S.C.§362(a) prohibits the continuation of an action that could have been commenced before the commencement of the case to recover a claim against the debtor that arose before the commencement of the case:

    (3) Any act to obtain property of the estate or to exercise control over property of the estate; (6) Any act to collect, assess or recover a claim against the debtor that arose before the commencement of the case under this Title.

15. 11 U.S.C.§1327(a) provides that the provisions of a confirmed plan bind the debtor and each creditor.

16. 11 U.S.C.§1327(b) provides that the confirmation of a plan vests all of the property of the estate in the debtor free and clear of any claim or interest of any creditor provided for by the plan. Thus, the Cross Confirmed Plan vested his real property in Cross free and clear of any pre-petition arrearage owed by Cross to Wells Fargo.

17. 11 U.S.C.§1328 provides for the entry of a discharge after completion by the debtor of all payments under the plan. The discharge in a Chapter Thirteen case is applicable to "all debts provided for by the plan . . ."

18. The provisions of 11 U.S.C.§ 1327 and 11 U.S.C.§1328 may be enforced by this Court pursuant to 11 U.S.C.§105(a) which provides that the Court may issue any order or judgment that is necessary or appropriate to carry out the provisions of Title Eleven.

19. Wells Fargo willfully violated 11 U.S.C.§362(a) and the discharge provisions of 11

U.S.C.§1327 by applying plan payments to late charges costs, interest accumulations not approved by the Court or by the Cross confirmed Plan.

20.   Cross has incurred damages and attorney's fees in the bringing of this Adversary Proceeding necessary to correct the willful misconduct of Wells Fargo.

ACCORDINGLY, Cross requests that this Court enter a judgement as is necessary to adjudicate issues of this Adversary Proceeding including: (a) reinstatement of the Wells Fargo mortgage to a complete paid status as of the date of discharge; (b) an award of attorney's fees; (c) an award of costs; (d) damages as may be appropriate.

DATED this __18__ day of May 2008.

ALBERT H. MICKLER<br>
Attorney for David W. Cross<br>
5452 Arlington Expressway<br>
Jacksonville, Florida 32211<br>
(904) 725-0822<br>
Fax (904) 725-0855<br>
Florida Bar No. 168960